UNITED STATES DISTRICT COURT  FOR THE
DISTRICT OF MASSACHUSETTS

SIDNEY BOURNE, CLAUDIO M. DELISE,
and RALPH S. TYLER,

                    Appellants

v.                                              Case No. 1:06-CV-11781-WGY

NORTHWOOD PROPERTIES, LLC,

                    Appellee

APPELLEE'S MOTION FOR REHEARING AND RECONSIDERATION

In accordance with Fed.R.Bank.P. 8015, Appellee Northwood Properties, LLC

("Northwood") moves this Court for a rehearing to allow it to reconsider its decision to vacate

the Bankruptcy Court's rulings on the Phasing Rights Motion (as defined below) and plan

confirmation.  Northwood requests rehearing not to challenge the Court's analysis of the

disputed issues, but instead to request that the relief imposed be a remand of the matter, rather

than a vacating of orders.  Rehearing is warranted in these circumstances because Northwood

believes the Court has overlooked Northwood's ability to modify the Second Amended Plan of

Reorganization (the "Plan") consistent with the Court's analysis, but without the need to begin

the lengthy and cumbersome reorganization process anew.

Where the Court's Memorandum and Order clearly states that the development rights

held by Northwood were properly revived, Northwood believes that the opportunity exists for it

to work with the Northwood at Sudbury Condominium Trust (the "Association") to revise the

Plan in such a way as to preserve the percentage interests of the common areas of the

condominium owned by Appellants Bourne and Delise.  The requested relief would not require

the Court to alter its analysis of the phasing rights issues in any way, but it would relieve

Northwood from having to engage in the substantial investment of additional time and resources

needed to develop an entirely new plan of reorganization, having to seek to have a new disclosure statement approved, and having to engage in another contested confirmation hearing. Moreover, all rights of the Appellants to object to the post-confirmation modification and to appeal any order confirming such a modified plan would be preserved.

In support of this motion, Northwood makes the following statements:

## PROCEDURAL HISTORY

1.      This matter arises from an appeal of various orders of the United States Bankruptcy Court for the District of Massachusetts, entered on or about July 18, 2006 in the Bankruptcy Case.

2.      Northwood filed a voluntary petition for relief under 11 U.S.C. § § 101, *et. seq*. in the Bankruptcy Court on September 22, 2005.

3.      During the bankruptcy proceedings, Appellants Sidney Bourne and Claudio Delise filed a *Motion filed by Interested Parties Sidney Bourne and Claudio Delise to Determine that Extension of the Phasing Rights Requires Their Consent in accordance with M.G.L. c. 183A Section 5(b)(1)* (the "Phasing Rights Motion").  In essence, the Phasing Rights Motion asserts that Northwood did not validly obtain an extension of the Phasing Rights because neither Bourne nor Delise consented to that extension.

4.      While the Phasing Rights Motion was under consideration, Northwood filed the Plan, which provided, among other things, for payment in full of all creditors, but which was conditioned upon the Bankruptcy Court finding that Northwood was the owner of the phasing rights.

5.      On or about July 18, 2006, the Bankruptcy Court held a hearing on the Plan and various related matters.  At the conclusion of the hearing, the Bankruptcy Court confirmed the

Plan and denied the Phasing Rights Motion, thereby declaring that Northwood was the owner of the phasing rights.

6.     The Appellants initiated this appeal on or about July 27, 2006, the parties submitted briefs, and the Court heard argument on November 16, 2006.

7.     By Memorandum and Order dated December 7, 2006, the Court entered judgment in favor of the Appellants and vacating the Bankruptcy Court's decision on the Phasing Rights Motion and its order confirming the Plan.

## STANDARD OF REVIEW

8.     After the entry of judgment by a district court in an appeal of a final order of the bankruptcy court, a motion for rehearing is timely if filed within ten days after the entry of the district court's judgment.  *See* Fed.R.Bankr.P. 8015.

9.     Rehearing is warranted under Rule 8015 where the court has overlooked or misapprehended an issue of law or fact.  *See Young v. Paramount Comm. Corp. (In re Wingspread Corp.)*, 186 B.R. 803, 807 (S.D.N.Y. 1995).

10.     In this appeal, rehearing is appropriate because the Court has overlooked Northwood's ability to modify the Plan on a post-confirmation basis to conform to the requirements of the Massachusetts condominium statute as iterated in the Court's Memorandum and Order.

## GROUNDS FOR RECONSIDERATION

11.     A plan of reorganization may be modified "at any time after confirmation of such plan and before substantial consummation of such plan . . . if circumstances warrant such modification and the [bankruptcy] court, after notice and a hearing, confirms such plan as modified."  11 U.S.C. § 1129(b).

12.     Consistent with this provision, the Plan provides that Northwood "may with the Bankruptcy Court's approval remedy any defects or omissions or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and intent of the Plan so long as the interests of holders of Claims and Interests are not materially affected adversely thereby."  Plan, § 8.2.

13.     Confirmation of the Plan was predicated upon the Bankruptcy Court's finding that the Association properly extended Northwood's rights to complete the development of the Northwood at Sudbury Condominium development.  This Court endorsed that finding when it concluded that "Northwood successfully revived its phasing rights pursuant to subparagraph 5(b)(2)(iii) when it obtained the approval of eighty-three percent of unit owners."  Memorandum and Order, at  16.

14.     Where this Court differed with the Bankruptcy Court was whether Bourne and Delise had consented to Northwood's exercising of its development rights when they acquired their deeds to their respective units.  *See id.*, at 12.  This Court found that Bourne and Delise did not grant their consent because the relevant Master Deed did not make possible an accurate determination of how their percentage interests would be affected by the further development of the condominium.  *See id*.

15.     The Court recognized, however, that the consent of Bourne and Delise would be required only if the proposed development would materially affect their percentage interests in the common areas of the condominium.  *See id.*, at 16.  The Court also recognized that the Association had the ability to set new percentage interests in connection with its decision to revive Northwood's development rights.  *See id*.  The clear implication of these findings is that the Association has the ability to set new percentage interests in connection with the extension of

Northwood's development rights in a way that may not result in a material alteration of the percentage interests in the common areas held by Bourne and Delise.

16.     Based on the foregoing, Northwood believes that one or more paths may exist which would allow it to work with the Association to stabilize the percentage interests of Bourne and Delise such that their consent will not be required.  Doing so would remove the current obstacle to Northwood's ability to complete the development under the framework of the current Plan, while honoring the requirements of the Massachusetts condominium statute.

17.     If Northwood is allowed to pursue these paths as part of a post-confirmation effort to modify the existing plan, instead of being required to prepare an entirely new plan and disclosure statement and conduct a further evidentiary hearing, Northwood and its bankruptcy estate could reap significant savings in time, expense, and other resources dedicated to this effort.  All constituencies would likely benefit from these savings.

18.     Moreover, neither the Appellants nor any other party would be harmed because all rights to object to the subsequently modified plan, appeal the confirmation order approving such a plan, or addressing any issue raised in this appeal, but not decided by the Court, would be preserved.

WHEREFORE, Appellee Northwood Properties, LLC requests a rehearing to allow the Court to reconsider its decision to vacate the Orders of the Bankruptcy Court and, instead, to remand the matter to allow Northwood an opportunity to amend its plan on a post-confirmation basis consistent with the Court's analysis and conclusions of law relating to the phasing rights issues.

Respectfully Submitted,

NORTHWOOD PROPERTIES, LLC

By Its Attorneys,
RIEMER & BRAUNSTEIN LLP


_/s/ Jeffrey D. Ganz_____

Dated: December 15, 2006            Jeffrey D. Ganz (BBO #564375)
Christopher M. Condon (BBO #652430)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
Phone: (617) 523-9000
Facsimile: (617) 880-3456

986413.1